IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) CASE NO. 2:06cv505-MHT-VPM |
| | ) |
| WENDELL WILSON | ) |

### UNITED STATES' RESPONSE TO § 2255 MOTION

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and, in compliance with this Court's order, responds to Defendant/Movant Wendell Wilson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence By a Person In Federal Custody, as follows:

### I. PROCEDURAL HISTORY AND RELEVANT FACTS

On September 25, 2001, a grand jury for the Middle District of Alabama returned a five-count sealed indictment against Defendant/Movant Wendell Wilson. See Exhibit B, the indictment. Count 1 charged that, on or about December 18, 2000, in Montgomery County, within the Middle District of Alabama, Wilson and Marlon Jawun Barnes did knowingly and intentionally conspired, combined, and agreed together with each other, and other persons known and unknown to the grand jury, to possess with intent to distribute approximately 7.45 grams of cocaine base and 17.4 grams of cocaine hydrochloride, both Schedule II Controlled Substances, and 347.7 grams of marijuana, a Schedule I Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Count 2 of the indictment charged that, on or about December 18, 2000, in Montgomery County, within the Middle District of Alabama, Wilson and Barnes, while aiding and abetting one another, did knowingly and intentionally possess with intent to distribute approximately 7.45

grams of cocaine base, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

Count 3 of the indictment charged that on or about December 18, 2000, in Montgomery County, within the Middle District of Alabama, Wilson and Barnes, while aiding and abetting one another, did knowingly and intentionally possess with intent to distribute approximately 17.4 grams of cocaine hydrochloride, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

Count 4 of the indictment charged that on or about December 18, 2000, in Montgomery County, within the Middle District of Alabama, Wilson and Barnes, while aiding and abetting one another, did knowingly and intentionally possess with intent to distribute approximately 347.7 grams of marijuana, a Schedule I Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

Count 5 of the indictment charged that on or about December 18, 2000, in Montgomery County, within the Middle District of Alabama, Wilson and Barnes, while aiding and abetting one another, did knowingly use, carry, and possess a firearm during and in relation to, and did knowingly possess a firearm in furtherance of drug trafficking crimes prosecutable in a Court of the United States, that is, conspiracy to possess with intent to distribute and possession with intent to distribute cocaine, cocaine base and marijuana as charged in Counts 1, 2, 3, and 4, said firearm being a Glock GMBH, model 27, .40 caliber pistol, serial number CAC731US, in violation of 18 U.S.C. §§ 924(c)(1)(A)(I) and 2.

On September 7, 2004, the indictment was unsealed. On December 12, 2004, Wilson was arrested. Trial was set for March 7, 2005. Wilson agreed to enter a guilty plea to Count 5 of the indictment. See Exhibit C, a copy of the plea agreement, at 1. The plea agreement informed Wilson that, in return for pleading guilty to the specified count, the government would dismiss the remaining counts of the indictment, would agree that Wilson receive a 2-level reduction for acceptance of responsibility, and would file a downward departure motion for 1-level, pursuant

to U.S.S.G. 3E1.1(a) for acceptance of responsibility. Id. at 2-3. The agreement also stated that, Wilson waived appeal and collateral attack rights conferred by 18 U.S.C. § 3742. Id. at 4. The agreement contained a factual basis for the plea, wherein Wilson acknowledged violating 18 U.S.C. §§ 924(c)(1)(A)(I). Id. at 4.

Wilson's guilty plea hearing was conducted on March 1, 2005. At the outset of the hearing, Wilson was placed under oath, and he gave his consent to have his plea taken by a United States Magistrate Judge. Wilson informed the Court that he had read and discussed the indictment with his counsel, Barry Teague. He stated that he understood the charges against him. Wilson confirmed that, after reading and discussing his plea agreement with counsel, he understood the terms of his guilty plea. The Court informed Wilson of the civil rights that he would forfeit if he persisted in his guilty plea, and then informed him of the maximum statutory penalties for the offenses. The Court then reviewed the constitutional guarantees that Wilson would enjoy if he proceeded to trial. It reviewed the offense elements that the United States would be required to prove in order to convict him at trial. Wilson then set forth a factual basis for his plea under questioning by his counsel, the United States, and the Court. The Court then accepted Wilson's guilty plea.

On May 26, 2004, the United States filed a motion for a 1-level downward departure in Wilson's sentence, pursuant to U.S.S.G. § 3E1.1(a). See Exhibit D, a copy of the United States' motion.

Wilson's sentencing hearing was conducted on June 2, 2005. The Court requested and received a recitation of the terms of the plea agreement, including Wilson's waiver of his right to appeal and collaterally attack the conviction and sentence, with which Wilson agreed. See E at 2-3, a copy of the sentencing hearing transcript. The Court accepted the plea agreement. The United States orally motioned to dismiss all remaining counts of the indictment, which was granted by the Court. Judgment was entered in Wilson's case on June 10, 2005.

On May 30, 2006, Wilson filed a motion for relief under 28 U.S.C. § 2255, Motion to Vacate, Set Aside or Correct Sentence. On June 14, this Court entered an order directing the United States to respond within thirty days. The government received Wilson's memorandum of law in support of his motion on or about June 22, 2006. The government filed a motion to extend its' response and Mr. Teague's affidavit by an additional 30 days. The Court granted the motion and allowed Mr. Teague until July 21, 2006 to file his affidavit and until July 31, 2006 to file its' response. On or about July 23, 2006, Mr. Teague passed away. On July 25, 2006, the government filed a second motion to extend filing deadline. The Court granted the government's second motion on July 26, 2006 and directed the government to include in its' response, the government's position on the impact of Mr. Teague's death on the court's processing and analysis of the petitioner's claim of ineffective assistance. On August 15, the government filed a third motion to extend filing deadline and requested an additional 3 days to file its' response. The Court granted the government's third motion. The United States now files this response to the § 2255 motion.

## II. CLAIMS RAISED IN THE § 2255 MOTION

As far as the United States can discern, Wilson raises the following issues in his § 2255 motion:

1. Counsel provided ineffective assistance due to his failure to file a requested appeal, counsel's performance was deficient, i.e. movant not allowed to review the discovery prior to entry of his guilty plea, movant not informed of his right to object to trial before a magistrate judge, movant incorrectly informed of the charges and possible sentence he would face upon conviction; and,

2. The undersigned AUSA engaged in prosecutorial misconduct by being the Deputy District Attorney who nolle prossed the case in state court in or about 2001.

## III. RESPONSE TO CLAIMS FOR RELIEF

A. <u>Wilson Has Met The One-Year Statute Of Limitations Deadline For The Filing of Claims Under 28 U.S.C. § 2255.</u>

The United States notes at the outset that Wilson has filed his motion in a timely manner under paragraph six of 28 U.S.C. § 2255, which provides a one-year period of time to file a

4

motion to vacate, set aside, or correct sentence under the rule. The applicable provision in this case requires that a movant file his § 2255 motion within one year from "the date on which the judgment of conviction became final."

The judgment against Wilson was entered on June 10, 2005. He did not appeal his conviction or sentence to the Eleventh Circuit Court of Appeals. His sentence became final when the time for filing an appeal to the Eleventh Circuit expired. Although not specifically addressing the application of the statute of limitations to the 10-day notice of appeal requirement, the Eleventh Circuit has held that a judgment of conviction becomes final for someone who appeals to an appellate court when the time for seeking certiorari review in the Supreme Court expires. See Kaufman v. United States, 282 F.3d 1336, 1337-39 (11th Cir. 2002). Likewise, a judgment of conviction becomes final for someone who does not appeal when the time for seeking that appeal expires. Wilson had ten days from the June 10, 2005 entry of judgment by this Court to seek review by the Eleventh Circuit; his judgment of sentence, therefore, became final on June 21, 2005. Thus, under § 2255, Wilson had until June 21, 2006 to file his motion. Therefore, Wilson's filing of his § 2255 motion prior to June 21, 2006, renders it timely.

**B.    Wilson's Ineffective Assistance of Counsel Claims Should Be Rejected Because They Are Without Merit.**

Wilson presents two claims of ineffective assistance of counsel: (1) that counsel failed to file an appeal as requested; and, (2) that counsel's performance was deficient in that he failed to permit movant to review discovery, failed to inform movant of his right to object to trial before a magistrate, and failed to correctly inform the movant of the charges and possible sentence he would face upon conviction. These claims are not supported by the record.

To succeed on a claim of ineffective assistance of counsel, a defendant must prove both that his counsel's performance was deficient and that the deficient performance prejudiced his case. Strickland v. Washington, 466 U.S. 668, 694 (1984); see also Bell v. Cone, 535 U.S. 685, 697-98 (2002) (reaffirming the Strickland v. Washington standard for reviewing ineffective

5

assistance of counsel claims); <u>Caderno v. United States</u>, 256 F.3d 1213, 1217 (11th Cir. 2001) (applying two-part test of <u>Strickland v. Washington</u>). More specifically, Wilson must show that (1) identified acts or omissions of counsel fell below an objective standard of reasonableness, and (2) that his counsel's alleged errors or omissions resulted in prejudice to him to such an extent that, without counsel's alleged errors or omissions, there is a reasonable probability that the outcome of his trial would have been different. <u>Yordan v. Dugger</u>, 909 F.2d 474, 477 (11th Cir. 1990).

In analyzing counsel's performance under the performance prong of <u>Strickland</u>, this Court must presume that the conduct of counsel was reasonable, <u>Yordan v. Dugger</u>, 909 F.2d at 477. A "[d]efendant must prove deficient performance by a preponderance of competent evidence, and the standard is 'reasonableness under prevailing professional norms.'" <u>Gallo-Chamorro v. United States</u>, 233 F.3d 1298, 1303-04 (11th Cir. 2000)(footnotes omitted). The Eleventh Circuit has described a defendant's burden with regard to the deficient performance prong of an ineffective assistance of counsel claim as follows:

> Because there is such a wide range of constitutionally acceptable performance, a petitioner seeking to rebut the presumption of adequate performance must bear a heavy burden:
>
>> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. ... We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.
>
> ... Thus, in order to show that counsel's performance was unreasonable, the petitioner must establish that *no competent counsel would have taken the action that his counsel did take....*

<u>Grayson v. Thompson</u>, 257 F.3d 1194, 1216 (11th Cir. 2001) (internal citations omitted).

The Eleventh Circuit has described a defendant's burden in demonstrating that his counsel's deficient performance prejudiced his case as "high," noting that it is not enough to show that any errors had some conceivable effect on the outcome of the proceeding. <u>Robinson v. Moore</u>, 300 F.3d 1320, 1343-44 (11th Cir. 2002). To succeed on the ineffective assistance of

counsel claim, the defendant must show that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different.

As the Eleventh Circuit has noted, "[i]t is well established that a habeas petitioner must demonstrate both deficient performance and prejudice, and that a failure to demonstrate either prong constitutes a failure to demonstrate ineffective assistance of counsel." Bottoson v. Moore, 234 F.3d 526, 532 (11th Cir. 2000); accord, Robinson v. Moore, 300 F.3d at 1343. In raising ineffective assistance of counsel, Wilson has failed to plead facts sufficient to demonstrate that he was prejudiced by any of counsel's actions. For that reason, his § 2255 motion should be summarily dismissed.

1. **Counsel was not ineffective for failing to file an appeal if Wilson did not request that he do so.**

Wilson's first claim of ineffective assistance of counsel asserts that, though he requested an appeal in his case, counsel failed to do so. He does not, however, submit any additional facts or documentation which support this claim. Where counsel fails to file a notice of appeal after having been so instructed by his client, a showing of prejudice is not required, as the United States Supreme Court has long recognized that such action is both professionally unreasonable and presumptive prejudicial. See Roe v. Flores-Ortega, 528 U.S. 470, 477, 484-85 (2000). The Eleventh Circuit has consistently held that, in these circumstances, defendants need not show viable grounds for the requested appeal. See Gomez-Diaz v. United States, 433 F.3d 788 (11th Cir. 2005); McIver v. United States, 307 F.3d 1327, 1330 at n.1 (11th Cir. 2002); Martin v. United States, 81 F.3d 1083 (11th Cir. 1996); Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995).

Crucial to a Court's ruling that an appeal be permitted in circumstances such as those alleged by Wilson is a finding that the defendant did, in fact, instruct his attorney to file a notice of appeal. In the McIver and Martin cases, the fact of counsel's failure to file the requested notice of appeal was established in the record. See McIver, 307 F.3d at 1329; Martin, 81 F.3d at 1084. In Montemoino, the Eleventh Circuit remanded the case for a hearing to determine

7

whether the facts supported the defendant's allegation that he actually requested an appeal, and conditioned relief on a finding that the request was made. Montemoino, 68 F.3d at 418. See also United States v. Snitz, 342 F.3d 1154, 1156 (10th Cir. 2003)(where the district court acknowledged the defendant's "credible testimony that immediately following his sentencing, he told his attorneys he wanted to appeal his sentence.")

The recent decision in Gomez-Diaz v. United States is consistent with past cases on the issue raised in Wilson's motion. That case presented a petitioner who, the district court determined, "explicitly asked his attorney to appeal," but was persuaded not to by the attorney. Gomez-Diaz, 433 F.3d at 791. The Eleventh Circuit remanded with instructions for the district court to determine

> (1) whether Petitioner's initial statement of his desire to appeal was sufficient to trigger the per se duty to appeal outlined in Flores-Ortega; and (2) if not, whether Petitioner's attorney fulfilled his constitutional duty to consult with his client and to make a reasonable effort to determine Petitioner's wishes, and whether he acted in accordance with those wishes.

Id. at 792-93.

In effect, the Eleventh Circuit requires a petitioner to establish that he actually instructed his counsel to file an appeal. This Court's task in this fact-finding process is obviously complicated by the recent and untimely death of Wilson's counsel, Barry Teague. The United States submits that Wilson's acceptance of a downward departure at sentencing, together with his acceptance of the dismissal of counts by the government, his acknowledged understanding and acceptance of his waiver of appeal and collateral attack rights, and his acceptance of the 60 month sentence suggested by the government, renders his request for an appeal unlikely. In the event this Court finds that Wilson has presented sufficient facts to support a finding that he did request an appeal, he is entitled to an out-of-time appeal. Gomez-Diaz, id. at 794.

**2.    Counsel was not ineffective because no deficiency in his performance existed.**

Wilson contends that counsel was ineffective because his performance was deficient and gives as examples that counsel did not permit him to view discovery prior to the entry of his

guilty plea, did not inform him of his right to object to trial before a magistrate judge, and incorrectly informed him of the charges and possible sentence he would face upon conviction.

### a.    Discovery

Wilson states that he was not permitted to review discovery prior to entering his guilty plea. Wilson contends that for this reason, his plea was not voluntarily and knowingly made. He does not, however, submit any additional facts or documentation which support this claim.

The Eleventh Circuit has held that a defendant who enters a guilty plea waives all nonjurisdictional challenges to the constitutionality of the conviction and only an attack on the voluntary and knowing nature of the plea can be sustained. See Wilson v. United States, 962 F.2d 996 (11th Cir. 1992).

Wilson's claim must fail, however, because while movant fails to submit any additional facts or documentary evidence, the government does submit such evidence in the form of the affidavit filed by Assistant United States Attorney Susan R. Redmond. See Exhibit F, affidavit of AUSA Susan R. Redmond.

Redmond states, that at a meeting between the government, defense counsel and Wilson, the parties examined the evidence, discussed the counts, the possible penalties and the offers made by the government to Wilson and his co-defendant, Barnes. Therefore, it is clear that Wilson was aware of the elements and the evidence the government intended to use to prove each element of each count of the indictment, prior to the entry of his guilty plea.

Accordingly, this issue of ineffective assistance should be dismissed.

### b.    Right to trial before a magistrate

Wilson states that counsel's performance was deficient because counsel failed to inform him that he had a right to object to trial before a magistrate. Wilson offers no further statement or argument as to this claim and the government is unsure what to make of it.

In response, all the government can offer is that counsel was not deficient in his performance for not apprising Wilson of something that was not at issue by either party. Counsel

cannot be ineffective for failing to raise a meritless point. See United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000). Accordingly, this issue of ineffective assistance should be dismissed.

If Wilson means to say that counsel was deficient in his performance because counsel failed to inform him of his right to make objections to the Report and Recommendations of Magistrate as to acceptance of the guilty plea, Wilson again fails to submit any additional facts or documentation which support this claim. In fact, Wilson does not state that he had, and related to counsel, objections to the Report and Recommendations of the Magistrate, and therefore, does not demonstrate that counsel's performance was deficient. Otherwise, counsel cannot be ineffective for failing to raise a meritless point. Id. Accordingly, this issue of ineffective assistance should be dismissed.

### c. Information on charges and possible penalties

Wilson states that counsel's performance was deficient because counsel failed to correctly apprise him of the charges and possible penalties he faced. Wilson again fails to submit any additional facts or documentation which support this claim.

It is, however, clear from the record, that Wilson was apprised of the charges he faced and the possible penalties he faced prior to entry of his guilty plea. See Exhibit A, court docket.

Wilson was arraigned on January 5, 2005, was apprised of the nature of the charges of the indictment and the possible statutory penalties per count. Further, the plea agreement sets out the counts and statutes charged and states the penalty upon conviction of Count 5. See C at 1. Further, the parties discussed, at length, the charges, the elements of each charge, the penalties, statutory and pursuant to the United States Sentencing Guidelines, and the impact and effect of Wilson's prior criminal history. See F.

Counsel cannot be ineffective for failing to raise a meritless point. See United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000). Accordingly, this final issue of ineffective assistance should be dismissed.

Wilson has failed to show that counsel's perceived "failures" of assistance qualifies as (1) an act or omission which fell below an objective standard of reasonableness, and (2) that his counsel's alleged error or omission resulted in prejudice to him to such an extent that, without counsel's alleged errors or omissions, there is a reasonable probability that the outcome of his proceeding would have been different. Yordan v. Dugger, 909 F.2d at 477. Therefore, these claims should be dismissed.

C. **Wilson's Prosecutorial Misconduct Claim Should Be Rejected Because It Is Without Merit.**

Wilson states that the prosecutor engaged in misconduct in violating his rights pursuant to the Double Jeopardy Clause, in that she nolle prossed the state indictment against him in order to bring the same or similar charges, arising out of the same conduct, in federal court.

Wilson is correct in his recitation that the Double Jeopardy Clause bars second or subsequent prosecution for the same offense after acquittal; protects against a second prosecution after conviction; and protects against multiple punishments for the same offense. See United States v. Adams, 1 F.3d 1566 (11th Cir. 1993); United States v. Maza, 983 F.2d 1004 (11th Cir. 1993).

While Wilson correctly recites the law, in applying it to his claim, he fails to establish that the federal case is a second prosecution for the same offense after he was either acquitted or convicted on the first case. In fact, by his own recitation of the facts, the state prosecution never went to a trier of fact to either acquit or convict him. Therefore, Wilson's claim of prosecutorial misconduct based on a violation of the Double Jeopardy Clause, fails.

Finally, Wilson contends prosecutorial misconduct because the federal prosecutor who secured his conviction was the state prosecutor who dismissed his case. Wilson argues that he would have succeeded in establishing prosecutorial misconduct and vindictive prosecution as to AUSA Redmond, if an evidentiary hearing had been held as to the Motion to Suppress filed by his counsel. Wilson again fails to submit any additional facts or documentation which support this claim.

Absent evidence that the decision to institute a federal prosecution, rather than a state prosecution, was improperly motivated or based on a constitutionally impermissible classification, prosecution in federal rather than state court does not transgress due process even without such guidelines for such referral. United States v. Harden, 37 F.3d 595 (11th Cir. 1994).

The record is clear that federal prosecution was instituted by then-AUSA Michael Kanarick in 2001. See B at 3. AUSA Redmond did not join the Office of the United States Attorney for the Middle District of Alabama until August 12, 2002, and so was not a part of the decision to bring federal charges against Wilson. See F.

Finally, no evidence has been or will be presented, by Wilson, to establish that the United States Attorney for the Middle District of Alabama, was improperly motivated to bring charges, or based the decision to bring charges on a constitutionally impermissible classification, against him.

Wilson has failed to establish prosecutorial misconduct or vindictive prosecution therefore, these claims should be dismissed.

## IV. A HEARING IS NOT APPROPRIATE IN THIS MATTER

Wilson has not pleaded facts or presented sufficient evidence or argument which, if true, show that he is entitled to an evidentiary hearing, and his claims for relief should be denied without an evidentiary hearing. See Blacklidge v. Allison, 431 U.S. 63, 73-74 (1977); Tejada v. Dugger, 941 U.S. 1551, 1559 (11th Cir. 1991); United States v. Laetividal-Gonzalez, 939 F. 2d 1455, 1465 (11th Cir. 1991). Should this Court determine that Wilson has made any arguments not addressed in this response, the United States would request the opportunity to further respond to those arguments.

## V. CONCLUSION

For the above reasons, Defendant/Movant Wendell Wilson has failed to demonstrate that he is entitled to any relief from this Court, and his § 2255 motion should be denied without an evidentiary hearing.

Respectfully submitted this the 18th day of August, 2006.

                         LEURA G. CANARY
                         UNITED STATES ATTORNEY

                         /s/ Susan R. Redmond
                         SUSAN R. REDMOND
                         Assistant United States Attorney
                         Post Office Box 197
                         Montgomery, Alabama 36101-0197
                         (334) 223-7280
                         (334) 223-7135 fax
                         susan.redmond@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | CASE NO. 2:06cv505-MHT-VPM |
| ) | |
| WENDELL WILSON ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2006, I attempted to electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and was unable to do so. I certify that I placed a time-stamped copy of the foregoing in the filing drawer for the United States District Court for the Middle District of Alabama, and mailed copy of the same to the following non-CM/ECF participant: Wendell Wilson, #11583-002, FMC Devens, P.O. Box 879, Ayer, MA 01432.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY


/s/ Susan R. Redmond
SUSAN R. REDMOND
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
susan.redmond@usdoj.gov