```
 1              IN THE UNITED STATES DISTRICT COURT
                              FOR
 2                  THE MIDDLE DISTRICT OF ALABAMA

 3

 4

 5  THE UNITED STATES
       OF AMERICA
 6
           vs.                          CRIMINAL ACTION NO.
 7                                      01-CR-149-MHT
    WENDALL WILSON
 8
```

SENTENCING PROCEEDINGS

* * * * * * * * *

```
BEFORE:        The Hon. Myron H. Thompson

HEARD AT:      Montgomery, Alabama

HEARD ON:      June 2, 2005

APPEARANCES:   Susan Redmond, Esq.
               Barry Teague, Esq.
```

GOVERNMENT EXHIBIT E

1    WHEREUPON, THE FOLLOWING PROCEEDINGS WERE HEARD BEFORE
     THE HON. MYRON H. THOMPSON ON JUNE 2, 2006 AT THE UNITED
2    STATES COURTHOUSE IN MONTGOMERY, ALABAMA:

3

4              THE COURT:  The next case is *United States vs.*

5    *Wendall Lamar Wilson.*  Criminal action 2:04-CR-149-T.

6              Now is this Mr. Wendall Lamar Wilson?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  Mr. Wilson, have you reviewed the

9    presentence report, including any revisions that may

10   have been made after the initial disclosure?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  Now was there a plea in this case?

13             MS. REDMOND:  Yes, Your Honor.

14             THE COURT:  And was there a plea agreement?

15             MS. REDMOND:  Yes, Your Honor.

16             THE COURT:  Would you state the plea

17   agreement.

18             MS. REDMOND:  Yes, sir.  This was a plea

19   agreement pursuant to Rule 11(c)(1)(a) of the Federal

20   Rules of Criminal Procedure.  In the Government's

21   provisions were to dismiss the remaining counts of the

22   indictment upon the defendant's pleading guilty to count

23   five of the indictment.  And if necessary or warranted,

24   the Government would agree that a two level reduction in

25   the offense level for acceptance of responsibility and a

```
 1  possible third point would be moved for by the
 2  Government if appropriate.
 3           And other than that, the defendant waives
 4  appeal and collateral attack rights, and agreed to pay
 5  the one hundred dollar assess fee.  I would also add,
 6  Your Honor, that the Government at this point recommends
 7  a five year sentence for the defendant.  That is what
 8  was contemplated at the time of the plea agreement, and
 9  we join Probation in recommending a five year sentence.
10           THE COURT:  Is that a minimum sentence?
11           MS. REDMOND:  Yes, sir.
12           THE COURT:  So I can't go below that anyway,
13  can I?
14           MS. REDMOND:  No, sir.
15           THE COURT:  So you're saying I should give the
16  minimum sentence allowed by law?
17           MS. REDMOND:  Yes, sir.
18           THE COURT:  Okay.  Now, did the Government
19  correctly state the plea agreement?
20           MR. TEAGUE:  It did, Your Honor.
21           THE COURT:  Is that correct, Mr. Wilson?
22           THE DEFENDANT:  Yes, sir.
23           THE COURT:  So do you agree, Mr. Teague, that
24  the minimum sentence the Court can give is five years?
25           MR. TEAGUE:  I do, Your Honor.
```

```
 1              THE COURT:  And you're asking for that
 2   sentence as well?
 3              MR. TEAGUE:  We are.
 4              THE COURT:  Are you ready for the Court to
 5   announce the proposed sentence.
 6              MR. TEAGUE:  We are.
 7              THE COURT:  I'll give you another opportunity
 8   to make comments before I decide whether to impose the
 9   sentence as announced.
10              There being no objections, the Court adopts
11   the factual statements contained in the presentence
12   report with specific findings that there is no
13   applicable offense level.  The criminal history category
14   is six.  The guideline sentence is not less than sixty
15   months.  The supervised release period is from three to
16   five years and the statutory fine range is not more than
17   two hundred and fifty thousand dollars.  There is no
18   applicable guideline range.
19              The Court, having considered and consulted the
20   sentencing guidelines and evaluated the reasonableness
21   of the sentence through the lens of Title 18 United
22   States Code, Section 3553, it is the order, judgment and
23   decree of the Court that the defendant, Wendall Lamar
24   Wilson, is committed to the custody of the Federal
25   Bureau of Prisons for sixty months.  The Court
```

```
 1   recommends that he be designated to a facility where
 2   intensive residential substance abuse treatment and
 3   mental health treatment are available.
 4            It is further ordered that he shall pay to the
 5   United States District Court Clerk a special assessment
 6   fee of one hundred dollars, which is due immediately.
 7   Furthermore, because of his inability to pay, the Court
 8   waives the imposition of a fine.
 9            It is further ordered that upon release from
10   imprisonment the defendant shall be placed on supervised
11   release for a term of five years.  Within seventy-two
12   hours of release from custody, the defendant shall
13   report to the probation office in the district to which
14   he is released.  While on supervised release he shall
15   comply with the mandatory and standard conditions of
16   supervised release on file with the Court.
17            The Court also orders the following special
18   conditions:  The defendant shall participate in drug
19   testing and treatment as directed by his supervising
20   probation officer.  He shall contribute to the cost of
21   any treatment based on his ability to pay and the
22   availability of third party payments.
23            He shall also participate in a mental health
24   treatment program as directed by his probation officer,
25   and again shall contribute to the cost based on his
```

```
 1  ability to pay and the availability of third party
 2  payments.
 3          He shall submit to a search of his person,
 4  residence, office and vehicle pursuant to the search
 5  policy of the Court.
 6          He shall cooperate in the collection of D N A
 7  as directed by his probation officer.
 8          The Court finds there is no identifiable
 9  victim who incurred any financial loss as a result of
10  this offense.
11          Now I ask you at this time, Mr. Wilson, are
12  there any objections to the sentence imposed or to the
13  manner in which the Court pronounced it, other than
14  those objections previously stated for the record?  For
15  example, do you have any objection to the Court's
16  ultimate findings of fact or conclusions of law?
17  Furthermore, you are instructed that if you have an
18  objection, you must not only state the objection, you
19  must give the grounds for the objection.
20          THE DEFENDANT:  No, sir.
21          THE COURT:  Do you have anything to say as to
22  why the sentence as announced should not be imposed, or
23  do you have anything to say in mitigation of the
24  sentence?
25          THE DEFENDANT:  No, sir.
```

1          THE COURT:  It is the order, judgment and
2  decree of the Court that the sentence as announced is
3  hereby imposed.
4          Now to the extent that you still have a right
5  to appeal, you have ten days to file any notice of
6  appeal.  If you cannot afford the cost of an appeal, the
7  Court will allow you to appeal at no cost, including
8  furnishing you with a free transcript and a free
9  attorney.
10         Now is he to stand committed today?
11         MS. REDMOND:  Yes, sir, barring exceptional
12 reasons being found by the Court.
13         THE COURT:  Are there any exceptional reasons?
14         MS. REDMOND:  Not of which the Government is
15 aware.
16         THE COURT:  Are there any exceptional reasons
17 from Probation?
18         THE PROBATION OFFICER:  No, sir.  He has
19 complied while on pretrial, but we know of no
20 exceptional reasons.
21         THE COURT:  Then he's in the custody of the
22 marshal.
23         (Whereupon, the proceedings were concluded.)
24              * * * * * * * * *
25

**COURT REPORTER'S CERTIFICATE**

    I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter as prepared by me to the best of my ability.

    I further certify that I am not related to any of the parties hereto, nor their counsel, and I have no interest in the outcome of said cause.

    Dated this 22nd day of June 2006.

/s/ Mitchell P. Reisner
**MITCHELL P. REISNER,** CM, CRR,
Official US Dist. Court Reporter
Registered Professional Reporter
Certified Real-Time Reporter