UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
(NORTHERN DIVISION)
2006 SEP 20  A 9: 37

| | |
|---|---|
| Wendell L. Wilson,<br>Peitioner, | * <br> * <br> * |
| -vs- | *    No. **2:06-cv-505-MHT-VPM** <br> * |
| United States of America,<br>Respondent, | * <br> * |

---

**PETITIONER'S PRO SE TRAVERSE TO THE REPLY OF THE
UNITED STATES PURSUANT TO 28 U.S.C. § 2255**

---

Now comes Wendell L. Wilson, proceeding In Propria persona
and Pro Se in the above styled action and numbered cause, to be
referred herein after as "Petitioner" respectfully moving this
most honorable court with his Traverse of the response of the
United States, pursuant to an action requesting relief under
the provisions of 28 U.S.C. § 2255.[1] In support of this pleading
and claim that the writ of habeas corpus should be granted, the
petitioner hereby avers as follows:

For the sake of judicial economy and expediency, petitioner
will respectfully pray that this most honorable court afford
deference towards stare decisis in this action. The "maxim"[2] of
petitioner's claims are affirmatively supported by the actions
or lack thereof, on the part of counsel of record, as well as
the actions of Assistant United States Attorney Susan Redmond.

---

[1] 28 U.S.C. § 2248 states: "The allegations of a return of the habeas corpus
or answer to an order to "Show Cause" in a habeas proceeding if not traversed
shall be accepted as true.

[2] The word "maxim" is defined as an expression of an absolute truth or princ-
iple... They have the power to cut to the heart of the matter in a heartbeat
with reason, logic, and authority.

(1)

To get right to the point of the claims raised, responded to by the United States, and now traversed herein, respectfully, petitioner will traverse this action in the sequence in which the United States has argued. First, the law is well settled, as to the compelling claim revolving around an attorney's failure to prosecute an appeal, which is expressly requested by the client.

In Anders v. California, 386 U.S. 738, 97 S.Ct. 1396, 18 L.Ed 2d 493 (1967), the Court emphasized "that the right to be represented by counsel is among the most fundamental of rights." Id. at 84, 109 S.Ct. at 351. It stated:

> The need for forcefull advocacy does not come to an abrupt halt as the legal proceeding moves from the trial to appellate stage. Both stages of the prossecution, although perhaps involving unique legal skills, require careful advocacy to ensure that rights are not forgone and that substantial legal and factual arguments are not inadvertently passed over.

The importance of the area of appellate representation in conjunction with the Sixth Amendment was addressed on a continium in this and many other circuits, further addressing the appropriate remedy, for counsel dropping the ball as to the requested appeal. In United States v. Davis, 929 F.2d 554, 557 (10th Cir. 1991), the Court held that a defendant is denied effective assistance of counsel, if he asks his lawyer to appeal and the lawyer fails to do so. "The proper remedy is resentencing to enable defendant to perfect an appeal."

(2)

The Tenth Circuit made an interesting decision under Abels v. Kaiser, 913 F.2d 821 (10th Cir. 1990), where the court held that counsel's failure to appeal nullified the prejudice test of Strickland v. Washington, 466 U.S. 668, 694 (1984). The court also held:

> In this court petitioner alleges correctly that when courts have found counsel constitutionally inadequate, because either retained or appointed counsel failed to properly perfect an appeal, they do not consider the merits of arguments that the defendant might have made on appeal.

The Supreme Court in Pension v. Ohio, pointed out that the defendant had been left "completely without representation during the appellate courts actual decision process," and stated in rejecting the contention that the defendant should be required to show prejudice, that "the presumption of prejudice must extend ... to the denial of counsel on appeal." Id. at 88, 109 S.Ct. at 354.

In maintaining adherence to the order of the Court, concerning the use of Affidavits to support petitioner's claims of counsel's deficient performance, the petitioner has herewith presented a summary of events between himself, counsel of record and other parties, by way of the accompanying affidavits. The Eleventh Circuit has decided a case right on point with aiding this honorable courts decision to afford an evidentiary hearing to further develop the record.[3]

---

[3] See Gallego v. United States, 174 F.3d 1196, 1198-1199 (11th Cir. 1999) ("We cannot adopt a per se 'credit counsel in case of conflict rule' which allows that in any case where the issue comed down to the bare bones testimony of defendant against counsel, the defendant is going to lose every time.").

(3)

To bolster Wilson's Sixth Amendment claim, we argue as the record affirmatively demonstrates: 1) Attorney Teague did not file a Notice of Appeal; 2) there is no motion on file, which could affirmatively demonstrate that Attorney Teague moved to withdraw his representation in accordance with Local Rule of Appellate Procedure Rule 46(h)(1), and Addendum (5)(c)); 3) That Attorney Teague has not presented an affidavit from himself, or from Wilson, stating that he discussed options of an appeal with Wilson, and that Wilson clearly elected not to pursue an appeal and; 4) there is no brief pursuant to <u>Anders v. California</u>, on record.

A pro se indigent prisoner such as Wilson, alleging that his trial counsel had been ineffective in failing to file direct criminal appeal should not have been given burden, at initial pleading stage on post conviction motions of establishing arguably meritorious issue for appeal; at minimum, counsel would first have to be appointed for prisoner before it could be concluded that any appeal he might have filed would have been meritless. 28 U.S.C.A. § 2255, U.S.C.A. Const. Amend. 6. [4]

For the expressed reasons addressed above, Wilson asserts that he has met his burden in establishing that an evidentiary hearing is warranted, because the facts alleged, if true, would justify relief, or where a factual dispute arises as to whether or not a constitutional right has been denied. [5]

---

[4] Also see <u>Rodriguez v. United States</u>, 395 U.S. 327, 330, 89 S.Ct. 1715, 1717, 23 L.Ed 2d 340 (1969).

[5] See <u>Baldwin v. Johnson</u>, 152 F.3d 1304, 1312 (11th Cir. 1998); and <u>Hill v. Moore</u>, 175 F.3d 915, 922 (11th Cir. 1999).

It is relevant to add, that the government has conceded, that Wilson "... would be entitled to an-out-of-time appeal" if this Court finds he has presented sufficient facts to support a finding that he did request an appeal. For this relief to take place, Wilson prays that this most honorable court remand for resentencing, to allow findings of fact and conclusions of law concerning issues omitted by counsel at the initial sentencing.

There is an assertion made by the government that Wilson's plea agreement waived his "...right to appeal and collaterally attack the conviction and sentence ..." [Govt's Resp. at 3]. when in fact, the plea agreement did not preclude Wilson from attacking his conviction, for which he and counsel discussed would be the purpose for said requested appeal. [6] The district court at sentencing also stated: "Now to the extent that you still have a right to appeal, you have ten days to file any notice of appeal..." It was at this precise time Mr. Wilson instructed his attorney to file his appeal. [7]

In addressing Wilson's second claim of ineffective assistnace of counsel, the events supporting this claim will be condensed for the sake of avoiding repetitiveness out of respect for this honorable court's time, as a cumulative effect of constitutional error resulted through Attorney Teagues failure to provide effective representation.

---

[6] The plea agreement provided that Wilson could not "appeal the sentence ... and waives the right to attack the sentence in any post conviction proceeding..." But did not preclude an attack of the conviction itself.

[7] Sentencing proceeding transcripts, page 7, lines 4 to 9.

As the record established by the clerk of the court's docket sheets demonstrates, Wilson made an initial appearance in this court on or about December 23, 2004.[8]  After filing his notice of appearance, the record reflects that Mr. Teague did not file any motions on behalf of Wilson, even though the attorney for Wilson's co-defendant filed several motions, in the best interest of his client, that were not, but should have been adopted by Wilson's attorney.[9]

To further bolster Wilson's Sixth Amendment claim, we demonstrate that the record reveals that as a direct result of the motions filed by the attorney representing Wilson's co-defendant, the government sua sponte file a motion to dismiss the indictment against the co-defendant. Wilson reasonably contends, that the order of scheduling by this magistrate judge, as to the above referenced motions to "Dismiss the indictment for failure to Prosecute," among the other compelling motions, familiarity which will be presumed, gave cause for the government to avoid presenting the possible prosecutorial misconduct that may have been the result of the government's actions.[10]

The evidentiary hearing would have revealed: 1) AUSA Susan Redmond, was the assistant district attorney, responsible

---

[8] It is compelling to note, that Wilson's initial arrest in the state in these charges was on December 18, 2000.

[9] Attorney Teague should have adopted the initial motion to sever; to challenge the vehicle stop, and subsequent search; to dismiss the indictment for failure to prosecute; to identify the persons responsible for sealing the indictment ect...

[10] Mr. Wilson reserves the right to readdress these omissions by counsel by way of any scheduled evidentiary hearing.

(6)

for prosecuting the initial state action; 2) that "Redmond" subsequently Nolle Prosequed the state charges, and moved to transfer the case to federal court, thereafter placing the actioned indictment under seal; 3) that after the indictment was unsealed four (4) years later by Redmond, under her new authority as an Assistant United States Attorney, she resumed prosecution of the same case, she had earlier Nolle Prosequed; [11] and that Ms. Redmond in fact informed Wilson that she transferred the case. [12]

The discovery issue raised by Wilson, is viable in the sense that he was not aware of the reading or interpretation of his indictment. Specifically, the indictment reads, as if there were separate transactions that resulted in the four counts of the indictment, when in fact, the indictment charges were a result of one traffic stop and unconsented search of his vehicle. For support of this claim Wilson will make available at any sheduled evidentiary hearing, the state court records, which will affirmatively validate his claims.

The claim of the government, that Redmond instructed Wilson that his co-defendant Barnes would testify against him was not presented in any discovery. In fact this claim, if presented would have been challenged, by the fact that the government had dismissed the indictment against Barnes, and a statute of limitations argument would have resulted had Redmond sought to

---

[11] The affidavit of Susan Redmond, represents that she was working in the respective offices of the district attorney, and Assistant United States Attorney's office during the vital times in question.

[12] This is affirmed in the affidavit of Wendell L. Wilson attached herewith.

reinstate any indictment against Barnes. 18 U.S.C.A. § 3282

It was at this crucial point in the trial period that that adversarial process completely broke down due to counsel's prejudicial ineptitude in not being prepared to argue a key issue, thus resulting in a denial of Sixth Amendment rights that made the adversary process itself presumptivley unreliable. Reyes-Vasquez v. United States, 865 F.Supp. 1539, 1545 (S.D. Fla. 1994) (citing Strickland,(supra), 104 S.Ct. 2047)).

Since "investigation and preparation are the keys to effective representation," ABA Projects on Standards for Criminal Justice Standards Relating to the Prosecution Function and the Defense Function 224 (App. Draft 1971), counsel has a duty to "make an independent examination of the facts, circumstances, pleadings and laws involved." Rummel v. Estelle, 590 F.2d 103 (5th Cir. 1979)(citing Von Moltke v. Gillies, 332 U.S. 708, 721 (1948)).

It is well settled in this circuit that in order for counsel to make a professional reasonable decision that counsel must be informed of the available options. Thus, "[o]ur case law rejects the notion that a 'strategic' decision can be reasonable when the attorney has failed to investigate his options and make a reasonable choice between them." Jackson v. Herring, 42 F.3d 1350, 1367 (11th Cir. 1995)(citiong Horton v. Zant, 941 F.2d 1449, 1462 (11th Cir. 1991).

Having been put on notice by the Court and being served with the formal pleadings (motion to sever, and filing of other motions by co-defendant's counsel, Wilson's counsel did nothing.

It would be a travesty, and miscarriage of justice, for this honorable court to deny relief on a plea that may be constitutionally invalid. [13]

Wilson had the right to review the discovery of his case, in order to afford him the right to make an informed decision as to whether to take a plea or proceed to trial. The Supreme Court has held that ignorance can be a considered factor to a structural violation. See Ratzlaf v. United States, 510 U.S. 135 (1994), "Because defendant was not properly informed of the elements of the offense to which he was pleading, the plea was not knowing and voluntary and had to be set aside. [14]

During the plea stage befor the magistrate judge, counsel failed to inform Wilson that he had the right to proceed before an Article III justice, pursuant to Article III of the United States Constitution. Wilson had instructed attorney Teague, that he desired to withdraw his guilty plea prior to sentencing. When counsel was informed of this desire, he told Wilson that he would take care of it. Had counsel informed Wilson that his plea and conviction was not final because the magistrate judge would only make a report an recommendation to be adopted by the district judge, the results would have been different.

Specifically speaking, when and during the time counsel had received the report and recommendation, he failed to provide a copy, or notice thereof to Wilson, who would have used this

---

[13] In short, the defendant must have adequate notice and understanding of the true nature of the charge to which he is pleading guilty. Henderson v. Morgan, 426 U.S. 637 (1976).

[14] See Blackledge v. Allison, 433 U.S. 63 (1977).

(9)

objection period to withdraw his guilty plea, prior to the
district court adopting the report and recommendation of the
magistrate judge. Counsel informed Wilson, that he could not
withdraw the plea except through challenging it on appeal, to
which Wilson asked his counsel to pursue on his behalf.

The prosecutorial misconduct claimed by Wilson, can be
further developed through findings of fact and conclusions of
law, as Wilson respectfully requests that most honorable court
to compel the government to comply with the courts original
order of January 20, 2005, docket entry 34, Order 4) "Directing
the government to produce the person(s) responsible for the
decision to seal the indictment, ect., with respect to the
motion to dismiss for failure to prosecute..." as well as the
directive orders of this court in orders 5) and 6) respectively.

## CONCLUSION

Based on the maxim as demonstrated in the pleading before
this honorable court, Wilson respectfully prays that this court
issue an order of scheduling, for an evidentiary hearing to be
conducted, addressing first, the Sixth Amendment claim as to
counsel's deficient performance. Specifically, whether counsel's
omissions warrant a new trial, so that Wilson can effectively
pursue evidentiary matters neglected by his previous counsel,
or whether the appropriate remedy would be to dismiss the
indictment or reinstate the appeal to avoid a complete miscar-
riage of justice on the Fourth and Fifth Amendment claims.

(10)

Respectfully presented,

*Wendell L. Wilson*

Wendell L. Wilson, Pro se.
Reg. No. 11583-002
FMC Devens, Box 879
Ayer, MA. 01432

## CERTIFICATE OF SERVICE

I Wendell L. Wilson, do hereby affirm and attest that I have caused a copy of the attached Traverse, to be mailed first class pre paid mail on this Eleventh (11) day of September, to the Office of the United States Attorney, for the Middle District of Alabama, by placing it in the prison mail system on this 11th day of September 2006. I hereby invoke the provisions of Houston v. Lack, 487 U.S. 266, 101 L.ed 2d 245, 108 S.Ct. 2379 (1988), as the prison law library copy machine had been inactive, and I must depend on unit team staff to place my pleading into the mail system after handing it to them. Signed pursuant to 28 U.S.C. § 1746.

*Wendell L. Wilson*

Wendell L. Wilson