UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WENDELL L. WILSON          *

              AFFIANT          *

   v.          *

                        *          2:06cv505·MHT

UNITED STATES OF AMERICA          *

             RESPONDENT.          *

---

### AFFIDAVIT OF WENDELL L. WILSON

    I WENDELL L. WILSON, the **"AFFIANT"** herein do hereby affirm and attest the following to be true and correct to the best of my memory, knowledge and understanding.

    **1).** That on or about December 18,2000, I was the operator of a motor vehicle, that was stopped by a police officer of the Montgomery County, Alabama Police Department. The police officer alleged to me, that the reason for his traffic stop was that I was speeding and had no license tag on the vehicle.

    **2).** Subsequent to the traffic stop the officer conducted an unconsented search of the motor vehicle, irregardless of the fact that my license and registration for the license tag was found to be valid.

    **3).** After the search of the motor vehicle, myself, and a passenger, were placed under arrest, and transported to the Narcotic division of the Montgomery County Police Department.

-1-

4). On December 19,2000, I was subsequently arraigned in the 15th Judicial District Court, in Montgomery County Alabama. After which I retained the services of Attorney BARRY TEAGUE, to represent me on the state charges of possession of cocaine and marijuana, in violation of Alabama State Laws. The Montgomery County Police also charged me with unlawful possession of a hand gun that was found as a direct result of the unconsented search of my motor vehicle.

5). That I was released on bail but was subjected to a parole violation hearing in the state of Alabama.

6). That I initiated a PRO-SE Civil Action Lawsuit in the Federal Court located in the Middle District of Alabama, pursuant to 42 U.S.C. §1983, claiming that the above referenced traffic stop, search and arrest was the direct result of racial profiling, illegal search and seizure, during and unlawful detainment, as the Montgomery County Police Officer had no reliable probate cause to initiate the motor vehicle stop.

7). That SUSAN R. REDMOND was the Deputy District Attorney of the 15th Judicial Circuit Court in Montgomery Alabama assigned to prosecute the state Court charges against me, as represented by state Court records and Attorney BARRY TEAGUE (TEAGUE).

8). That I instructed defense attorney TEAGUE that based on the circumstances of the traffic stop, search and arrest, coupled with my then pending civil action complaint in Federal Court, that I fully sought to exercise my Constitutional protected right to trial by jury. I also made a jury demand on the civil action under 42 U.S.C. §1983.

9). That on or after **November 2001 - February 2002,** I was informed by attorney TEAGUE that the state charges had

-2-

been dismissed, or as he said "NOLLE POSSED" by the state prosecuter.

10). That on December 21,2004, I was arrested by Federal Authorities, and made an initial appearance in the United States District Court for the Middle District of Alabama, before the Honorable VANZETTA PENN MCPHERSON, United States Magistrate Judge.

11). That on December 23,2004, I was released on a non-surety bond in the amount of $25,000.00, and on January 5,2005, I was arraigned as to the Federal charges, for which I entered a not guilty plea.

12). That during the course of the Federal proceedings I asked attorney TEAGUE why I was being charged in Federal court on charges he told me had been dismissed. Mr.TEAGUE them commented to me that,"The FED's can do anything they want to do," at which time I informed him that I wanted to proceed to trial just like I desired  in the same state prosecution.

13). I continued to ask attorney TEAGUE for the paperwork on the case against me, like I was able to obtain in the state Court action, to support my Federal Civil Action complaint and prosecution. attorney TEAGUE never provided me with any of the requested documents, nor did he provide me with copies of any motions I requested that he should file on my behalf.

14). Without my prior knowledge or consent attorney TEAGUE had me present during a discussion he had with Assistant United States Attorney (AUSA) SUSAN REDMOND. "AUSA then looked at me and commented," "You know how this case ended up in Fedral Court? I transferred it here!" I the commented, "Isn't that double jepordy after started but dropped it in the state?" At this time I told attorney TEAGUE

-3-

that, "I wanted to go to trial."

15). The so called discussion between attorney TEAGUE and AUSA REDMOND took no more than 20 - 30 minutes, and at no time did either party go over the elements of the offense. Her only comment was that my CO-DEFENDANT BARNES would be testifying against me. If I wanted to continue my pursuit of a trial. I made no other comments to Ms.REDMOND other than my double jeopardy comment, referenced above. Prior to leaving her office AUSA REDMOND said that she would dismiss either the drug charge or the gun charge if I pled guilty to one or the other.

16). Attorney TEAGUE and I subsequently met at **his office** at which time I reiterated my desire to proceed to trial. At this time attorney TEAGUE commented "You know you are facing a life sentence if you lose at trial." "If you plead guilty to one of the drug charges the prosecutor will dismiss the gun charge, or you could plead guilty to the gun and not be held accountable for the drugs."

17). After continued comments to me by my attorney in regards to facing a life sentence as opposed to getting under five years, I feel that I was intimidated and coerced into entering a guilty plea instead of pursuing my desire to go to trial.

18). After I had pled guilty I still expressed that I wanted to go to trial to my attorney and this was relayed to him by my request that he withdraw my plea.

19). That my attorney of record BARRY TEAGUE did not give me copies of any of my paperwork from my case, nor did I ever get to personally view a copy of my Presentence Investigation Report. It was about 2 days prior to sentencing that Mr.TEAGUE told me he reviewed the PSR and that he did'nt

see anything wrong with it, and he would give me copies at a later time. To date, I still do not have a copy of my PSR, and Federal Bureau of Prisons will not allow me to have a copy. .

20). Prior to sentencing I expressed to Mr.TEAGUE that I wanted to withdraw my guilty plea. One because I thought that my Constitutional rights had been violated on the initial search and seizure, and two, that I was told that I would only be pleading guilty to a gun charge possession or the drug charge, but not both. I did not realize that the count of the indictment. That I pled guilty to incorporated both drugs and gun charge together.

21). Attorney TEAGUE informed me that he would advise me not to say anything at sentencing that would upset the Judge or the Prosecutor, and that he would try to challenge my conviction on appeal when I requested that he file an appeal. .

22). After sentencing I expressly asserted my desire for an appeal to Mr.TEAGUE and I also informed my mother and wife to contact him, to find out the status of this appeal, when attorney TEAGUE would not respond to my letter or phone calls to him.

23). Because of attorney TEAGUE's abandonment of my appeal of the conviction I was compelled to obtain the assistance of a "Next Friend" jailhouse litigator to aid me in prosecuting my claims pursuant to 28 U.S.C §2255.

I WENDELL L. WILSON do hereby affirm and attest the above mentioned information to be true and correct to the best of my memory. Sworn and signed pursuant to 28 U.S.C. §1746.

*Wendell L. Wilson*

WENDELL L. WILSON
Reg.No.11583-022
FMC Devens, Box 879
Ayer, MA 01432-0879