UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
(Northern Division)

2006 SEP 20 A 9: 27

Wendell L. Wilson,
Petitioner,

-vs-

United States of America,
Respondent,

2:06cv505-MHT

---

AFFIDAVIT OF BEATRICE JILES

---

I Beatrice Jiles the Affiant herein do hereby affirm and attest that the following is true and correct to the best of my memory, knowledge, and understanding of action that I personally initiated or witnessed:

1) That the Affiant is the biological mother of Wendell L. Wilson, "Wendell," who became aware through personal knowledge of certain actions and events that will be addressed in this affidavit, concerning his criminal case in state and federal court.

2) Wendell told me over the phone that he had been arrested by the Montgomery Police for some kind of traffic violation and was in jail. At the time of this phone call I was asked if I could pitch in some money with other family members to help hire a lawyer for Wendell. I was told by Wendell to go see a lawyer named Barry Teague from Montgomery, Alabama.

3) That I went to see Mr. Teague accompanied by my son Ricky L. Wilson, and provided the attorney with money to hire him to represent Wendell in court, as Wendell told me that he wanted to go to trial.

4) Eventually, Wendell told me that the state court charges had been dismissed, but about 3 years later, the United States Marshal's came to my house looking for Wendell. At the time the Marshal's came to my house I told them that Wendell was not there, and that he did not live there, but they proceeded to search my house, even though I was not shown a warrant or any paperwork.

5) Wendell told me when he called me over the phone, that he had heard from his boss that the U.S. Marshal's had gone by his job and his boss's house looking for him. I told him that they had also came by my house as well. Eventually I went to the Marshal's office at the federal courthouse with Wendell, my son Ricky L. Wilson, and attorney Teague, so that Wendell could turn himself in.

6) Wendell told me that he was confused because the lawyer told him that the state charges had been dismissed because the evidence was no good, and that the prosecutor same state prosecutor is now a federal prosecutor and had indicted him again.

7) Wendell told me his attorney kept trying to scare him into pleading guilty by saying he was going to get 15 years to life if he lost at trial. Eventually Wendell told me that he had pled guilty at first but that he wanted to tell his lawyer to take the guilty plea back.

8) On numerous occasions I called the attorney on the phone and I also drove to his attorney office, but he was not there and never returned my phone calls.

9) I was at the federal court house on the day Wendell was sentenced by the judge, and Wendell had told me over the phone that same night that he wanted to withdraw his plea within a couple of days after being sentenced or appeal his case, and his lawyer was told that but he wouldn't respond to our phone calls. Again, I made numerous attempts to contact Attorney Teague but he continued to ignore my calls and was not there when I drove to his office.

10) I am aware that Wendell is still trying to get the appeal of his case he asked his attorney for. I am submitting this affidavit to present my direct knowledge and understanding of my attempts to contact Attorney Teague on behalf of Wendell, and of the concerns that Wendell spoke to me about his attorney abandoning him.

11) I do hereby affirm and attest that the aforementioned statements are true and correct to the best of my memory knowledge and understanding.

Beatrice Jiles

**Notary of Public**

Sworn before _____, on this ____ day of _____, 2006.
   (Name of Notary)

My commission expires: 12/16/07 .