IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff/Respondent, | : | |
| vs. | : | CIVIL ACTION No.2:06CV505-MHT |
| WENDELL LAMAR WILSON, | : | |
| Defendant/Movant. | : | |

MOVANT'S MOTION FOR SCHEDULING CONFERENCE AND FOR EVIDENTIARY HEARING

COMES NOW the Defendant/Movant Wendell Lamar Wilson, pro se, (Movant), pursuant to Rule 16 of the Federal Rules of Civil Procedure (Fed.R.Civ.Pro.), and Rule 8 Governing Section 2255, Title 28 Proceedings, and hereby asks respectfully the Court that a Scheduling Conference and Evidentiary Hearing be scheduled, and that this Honorable Court enter a Scheduling Order for the purpose of moving this case forward as contemplated by Rule 16 Fed.R.Civ.Pro., and Rule 8 of §2255 proceedings, regarding pretrial orders and conferences and hearings in civil actions. In support thereof, movant would show as follows:

1.  Movant filed his §2255 motion to vacate sentence with supporting documents and affidavits. The Respondent United States of America filed its response on August 18, 2006. This Court ordered movant to file a reply to the response filed by the United States. And, movant complied the Court's order by filing his reply motion on September 11, 2006.

2.  Movant respectfully requests that a hearing date be set forth to determine movant's claims and allegations for the interest of justice calls for a hearing. All pleadings have been filed by both parties in this

1

civil litigation, and the case is ripe for disposition, hearing, final review, and order accordingly.

  6. Rule 16(b) Fed.R.Civ.Pro., provides in relevant part that, after receiving the report from the parties under Rule 26(f), or after consulting with the attorneys for the parties and any unrepresented parties by a scheduled conference, telephone, mail, or other suitable means [the district court shall] enter a scheduling order .... The order shall issue as soon as practicable but in any event within 90 days after the appearance of a defendant and within 120 days after the complaint has been served on a defendant.

  7. Rule 8 Governing §2255 Proceedings provides in relevant part that, if the motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted. See Holmes v. United States, 876 F2d 1545, 1550-51 (CA11 1989).

  8. Movant would show that more than 90 days have expired since the last filing of his pleadings. Additionally, more than 120 days have expired since the complaint [§2255 motion] has been filed and served on the United States' Attorney, and any other orders entered by the Court under Rule 26(f) Fed.R.Civ.Pro.

  WHEREFORE, movant respectfully requests that this Honorable Court identify a date for purposes of a scheduling conference and for evidentiary hearing, and enter a Scheduling Order to guide the parties towards an expeditious resolution of this case. Movant also prays for any other relief the Court deems just and proper in the interest of justice and equitable application of the law.

Respectfully submitted this 22ND day of March, 2007

By: *Wendell A. Wilson*
Wendell L. Wilson
#11583-002 (A/A)
FCI-Talladega
PMB 1000
Talladega, AL 35160

CERTIFICATE OF SERVICE

I hereby certify pursuant to Rule 5 Fed.R.Civ.Pro., that a true and correct of this motion was mailed first class mail, postage prepaid, via legal mail given to prisoners in the prison where I am confined, to:

United States Attorney's Office
Mr. Michael D. Kanarick
Assistant U.S. Attorney
P.O.Box 197
Montgomery, Alabama 36101-0197

Executed this 22ND day of March, 2007, pursuant to 28 USC §1746.

By: *Wendell A. Wilson*
Wendell L. Wilson
Pro Se Defendant/Movant

3