IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v ) | Civil Action No. 2:06cv505-MHT |
| ) | [WO] |
| WENDELL LAMAR WILSON ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Federal inmate Wendell Lamar Wilson ("Wilson") filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. On March 1, 2005, pursuant to a plea agreement, Wilson appeared before a magistrate judge and pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). The district court accepted Wilson's guilty plea, adjudged him guilty and, on June 2, 2005, sentenced Wilson to 60 months' imprisonment. A judgment was entered on June 10, 2005. Wilson did not appeal.

On May 30, 2006,[1] Wilson filed this § 2255 motion, asserting the following claims:

1. His counsel was ineffective for failing to file a direct appeal after he requested counsel to do so.

2. His counsel was ineffective for failing to inform him that he had

---

[1] Although the instant motion was date-stamped "received" in this court on June 5, 2006, under the "mailbox rule," the court deems the motion filed on the date Wilson delivered it to prison authorities for mailing, presumptively, May 30, 2006, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

        the right to withdraw his guilty plea entered before the magistrate judge.

3. His counsel was ineffective for failing to correctly advise him about the charges against him and his possible sentence or to afford him an opportunity to review discovery materials, thereby rendering his guilty plea unknowing and involuntary.

4. His counsel operated under a conflict of interest and consequently failed to zealously represent his interests.

5. The prosecutor engaged in misconduct and violated his right to the protections against double jeopardy by nolle prossing a state indictment against him in order to bring the same or similar charges, arising out of the same conduct, in federal court.

The government filed an answer to Wilson's § 2255 motion on August 18, 2006. (Doc. No. 10.) Wilson was afforded an opportunity to respond to the government's submission and has done so. (Doc. No. 12.) After careful consideration of Wilson's § 2255 motion, the submissions supporting and opposing the motion, and the record in this case, the Magistrate Judge recommends that the petition be GRANTED IN PART and DISMISSED WITHOUT PREJUDICE IN PART.

## II. DISCUSSION

### A. Counsel's Failure to File an Appeal

Wilson argues he was denied effective assistance of counsel when his counsel failed to file a direct appeal on his behalf after he requested counsel to do so. (Doc. No. 1 at 3; Doc. No. 2 at 4-6.)

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court held that the test in *Strickland v. Washington*, 466 U.S. 668 (1984), applies to determine whether counsel is

ineffective for failing to file an appeal. *Flores-Ortega*, 528 U.S. at 477. Under *Strickland*, a defendant demonstrates ineffective assistance of counsel by showing: "(1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant." *Flores-Ortega*, 528 U.S. at 476-77 (internal quotation marks and internal citations omitted).

With respect to the objective standard of reasonableness, the Supreme Court in *Flores-Ortega* reaffirmed that an attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a professionally unreasonable manner. *Id*. at 477. The Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal where there is reason to think either (1) that a rational defendant would want to appeal... or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id*. at 480.

With respect to prejudice, the *Flores-Ortega* Court held that prejudice is presumed where counsel fails to file a requested appeal, so that when an attorney fails to file an appeal when requested to do so, the defendant need not demonstrate that he would have been able to raise meritorious issues on appeal. *Id*. at 477-78 & 483-86. The Court indicated that it would be unfair to require a litigant to demonstrate in a § 2255 proceeding that his appeal would have had merit. *Id*. at 486.[2] Instead, the defendant must only demonstrate that there

---

[2]The Court stated:

(continued...)

3

is a reasonable probability that, but for counsel's failure, he would have timely appealed. *Id*. at 484. An attorney's failure to pursue an appeal that has been requested by the defendant normally should result in the court granting an out-of-time appeal, even absent the defendant showing that he or she would have had any viable grounds for appeal. *Flores-Ortega*, 528 U.S. at 477; *see also Martin v. United States*, 81 F.3d 1083, 1084 (11th Cir. 1996); *Regalado v. United States*, 334 F.3d 520, 525 (6th Cir. 2003).

Wilson alleges that immediately following his sentencing hearing in June 2005, he told his counsel, Barry Teague, to file an appeal but Mr. Teague failed to file the requested appeal and thereafter did not return messages left for him when Wilson and members of his family attempted to inquire into the status of the appeal. (*See* Doc. No. 3 at 5.) After Wilson filed his § 2255 motion, this court entered orders directing Mr. Teague to file an affidavit responding to Wilson's allegations of ineffective assistance of counsel, including Wilson's allegation that he had asked Mr. Teague to file an appeal on his behalf but Mr. Teague had failed to do so. (Doc. Nos. 2 & 5.) On or about July 23, 2006, Mr. Teague died before he could complete an affidavit in response to the question of whether Wilson timely asked him to file an appeal. (*See* Doc. Nos. 6-8 & 16-20.)

---

(...continued)
> [I]t is unfair to *require* an indigent, perhaps pro se, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal. Rather, we require the defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed.

528 U.S. at 486.

While candidly acknowledging that the necessary fact-finding process in this case is problematic because of the untimely death of Mr. Teague, the government submits that Wilson's acceptance of a downward departure at sentencing, together with his acceptance of the dismissal of other counts by the government, his acknowledged understanding and acceptance of his waiver of certain appeal and collateral attack rights,[3] and his acceptance of the 60-month sentence suggested by the government, render it unlikely that Wilson instructed Mr. Teague to file an appeal on his behalf. (Doc. No. 10 at 8.) However, the government concedes that should this court conclude that Wilson has presented sufficient facts to support a finding that he did request an appeal, he is entitled to an out-of-time appeal. *Id*. (citing *Gomez Diaz v. United States*, 433 F.3d 788, 794 (11th Cir. 2005)).

In an attempt to procure evidence relevant to this issue, this court entered orders directing the government to determine whether Mr. Teague's son/successor in practice possessed or was otherwise in control of any records or documents from Mr. Teague's files concerning his representation of Wilson and, in particular, any records or documents

---

[3]The plea agreement contained a waiver provision whereby Wilson relinquished his right to appeal or collaterally attack his sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct. This court notes that the Eleventh Circuit has held that *Flores-Ortega*'s general rule that where an attorney fails to file an appeal when requested to do so, the defendant need not demonstrate meritorious issues for appeal also applies even if the defendant has signed a limited waiver of his right to appeal his sentence. *See Gomez Diaz v. United States*, 433 F.3d 788, 790 (11th Cir. 2005); *Gaston v. United States*, No. 06-15712, 2007 WL 1695762 (11th Cir. Jun. 13, 2007) (unpublished opinion). Wilson did not waive all of his appellate rights under the terms of the plea agreement.

reflecting communication between Wilson and Mr. Teague regarding a possible appeal of Wilson's conviction and sentence. (Doc. Nos. 16 & 18.) However, all efforts to locate records or documents related to Mr. Teague's representation of Wilson ultimately proved unavailing. (*See* Doc. Nos. 19 & 20.)

Under the circumstances, no evidence is before the court to contradict the claim Wilson timely asked Mr. Teague to file an appeal. Mr. Teague is dead – and in light of the absence of any relevant documentary evidence – a hearing would provide no further information to the court. The court is unable to draw an inference from the circumstances of Wilson's guilty plea to suggest it was unlikely Wilson told Mr. Teague to file an appeal. Consequently, the court recommends that § 2255 relief on this allegation of ineffective assistance of counsel is due to be granted and Wilson should be granted the opportunity to file an out-of-time appeal.[4]

## B. Dismissal of Remaining Claims Without Prejudice

The Magistrate Judge finds Wilson is entitled to relief on his ineffective assistance of counsel claim and Wilson should be granted the opportunity to file an out-of-time appeal. The Magistrate Judge further finds the remainder of the petition should dismissed without prejudice. *See McIver v. United States*, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002) (where the

---

[4]In *United States v. Phillips*, 225 F.3d 1198 (11th Cir. 2000), the Eleventh Circuit held that where a district court finds that a defendant was denied the right to appeal, the court should vacate the judgment, reimpose the same sentence, and inform the defendant of the right to appeal and that he has ten days in which to file a notice of appeal. 225 F.3d at 1201.

district court grants a § 2255 movant's claim seeking an out-of-time appeal, the district court should dismiss without prejudice any remaining claims in the § 2255 motion or hold such claims in abeyance pending the outcome of the reinstated direct appeal).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Wilson be GRANTED in part and DISMISSED WITHOUT PREJUDICE in part. Specifically, it is the RECOMMENDATION of the Magistrate Judge that:

1. Wilson be granted the opportunity to file an out-of-time appeal based on his claim that his counsel rendered ineffective assistance by failing to filed a direct appeal and, more specifically, that:

    a. The judgment in Criminal Case No. 2:01cr149-MHT be vacated;

    b. The same sentence then be reimposed and the identical judgment in the criminal case be re-entered;

    c. Wilson be advised that he must file any notice of appeal from the re-entered judgment within the ten-day period provided by Federal Rule of Appellate Procedure 4(b)(1)(A)(i); and

       d.       Wilson be advised that he has the right to appeal from the re-entered judgment in the criminal case and that, if he cannot afford a lawyer, one will be appointed for him.

2.       Wilson's remaining claims for relief in his § 2255 motion be dismissed without prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before October 18, 2007.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    Done this 5th day of October, 2007.

                                      /s/Terry F. Moorer
                                      TERRY F. MOORER
                                      UNITED STATES MAGISTRATE JUDGE